UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERMAINE B. McAFFEE,

    Petitioner

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

CASE NO. 8:05-CV-0006-T-27TBM
8:03-CR-74-T-27TBM
8:03-CR-94-T-27MAP

## ORDER

Petitioner, an inmate in a Federal penal institution proceeding *pro se*, filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging the sentences imposed in the above-referenced criminal cases (CV Dkt. 1/Case No. 8:03-CR-74-T-27TBM, Dkt. 48; Case No. 8:03-CR-94-T-27MAP, Dkt. 36). The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2004),[1] and finds, for reasons set forth below, that service of the motion is not required.

### Background

Petitioner was charged in an eight-count indictment with drug-related offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 841(b)(1)(C), 861, and 853 on February 18, 2003, Case No. 8:03-CR-74-T-27TBM. On March 6, 2003, a second eight-count indictment issued charging Petitioner with being a felon in possession of a

---

[1]Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and possessing with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), Case No. 8:03-CR-94-T-27MAP. On April 25, 2003, represented by court-appointed counsel, Petitioner executed a negotiated plea agreement agreeing to enter a plea of guilty to the charge of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count 8, Case No. 8:03-CR-74-T-27TBM, Dkt. 21 at 1) in exchange for the Government's promise to dismiss Counts 1 - 7 of the indictment, *see id.*   On April 29, 2003, Petitioner moved to consolidate the two cases (Case No. 8:03-CR-74-T-27TBM, Dkt. 20; Case No. 8:03-CR-94-T-27MAP, Dkt. 14). On April 30, 2003, Petitioner executed a negotiated plea agreement agreeing to enter a plea of guilty to the charge of possession of ammunition by a convicted felon (Count 3, Case No. 8:03-CR-94-27MAP, Dkt. 15 at 1) in exchange for the Government's promise to dismiss Counts 1, 2, and 4-8, *see id.*

On May 2, 2003, the Court granted Petitioner's motion to consolidate his two pending criminal cases for sentencing purposes (Case No. 8:03-CR-74-T-27TBM, Dkt. 23; Case No. 8:03-CR-94-T-27MAP, Dkt. 17). Petitioner was sentenced on December 17, 2003, to a term of 188 months imprisonment, to be followed by a 60-month term of supervised release on Count 8 of the indictment in Case No. 8-03-CR-74-27TBM (Dkt. 44), and a term of 120 months imprisonment, to be followed by a 36-month term of supervised release on Count 3 of the indictment in Case No. 8-03-CR-94-27MAP (Dkt. 33), with the sentences to run concurrently.  Petitioner did not file a direct appeal in either case.

Petitioner's sentences of 188 months imprisonment on Count 8, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii)[2] and 120 months imprisonment on Count Three, a violation of 18 U.S.C. § 922(g)(1), *see* 18 U.S.C. § 924(a)(2)[3] are clearly within the statutory maximum. In fact, the 188-month sentence on the charge of possessing 50 grams or more of cocaine base is within the statutory maximum for the drug offense without regard to drug quantity. *See United States v. Gerrow*, 232 F.3d 831 (11th Cir. 2000) (there is no error, plain or otherwise, under *Apprendi* where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C)[4] for an offense without regard to drug quantity), *cert. denied*, 534 U.S. 830 (2001). A claim that the Court erred in imposing Petitioner's sentences is without merit.

On January 3, 2005, Petitioner filed the instant motion challenging the sentences imposed in both of his criminal cases. Petitioner cites *Blakely v. Washington*[5] in support of his claim he was deprived of his right to the effective assistance of counsel guaranteed by the Sixth Amendment because trial counsel "failed to argue that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that [sic] the statutory maximum sentence for *Apprendi*

---

[2] "Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving — . . . ii) 5 kilograms or more of a mixture or substance containing a detectable amount of — . . . (II) cocaine, its salts, optical and geometric isomers, and salts of isomers; . . . or (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; . . . such person shall be sentenced to a term of imprisonment *which may not be less than 10 years or more than life*. . . ." 21 U.S.C. § 841(b)(1)(A)(iii)

[3] "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, *imprisoned not more than 10 years*, or both." 18 U.S.C. § 924(a)(2).

[4] "In the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a *term of imprisonment of not more than 20 years*." 21 U.S.C. § 841(b)(1)(C).

[5] *Blakely v. Washington*, 542 U.S. 296 (2004).

purposes is the maximum sentence a judge may impose solely on the basis of the facts . . . admitted by the defendant" (CV Dkt. 1, Attach. (unnumbered)).

## Standard of Review

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).  While, generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding, *see Greene v. United States,* 880 F.2d 1299, 1305 (11th Cir. 1989) (and the cases cited therein), *cert. denied,* 494 U.S. 1018 (1990), the United States Supreme Court has held that issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where the petitioner could have raised the issues on direct appeal but failed to do so. *See Massaro v. United States,* 538 U.S. 500, 504 (2003) (recognizing that "the procedural-default rule . . . is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments," the court concluded that "requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote these objectives").

-4-

## Evidentiary Hearing

A petitioner has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874 (1984). Petitioner has not met that burden. The Court finds that an evidentiary hearing is not required in this matter. *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)).

## Discussion

Petitioner's ineffective assistance of counsel claim is premised on the holding in *Apprendi* and its progeny, as clarified by the Supreme Court's recent holding in *Blakely,* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. at 490. *See also Blakely v. Washington*, 542 U.S. 296, 301 (2004) (quoting *Apprendi*, 530 U.S. at 490). Petitioner contends that trial counsel was ineffective for failing to argue at sentencing that the enhancement of his basic offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and U.S.S.G. § 3B1.4 for use of a minor during the offense violates *Apprendi*.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's representation was deficient, and (2) this deficient representation prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir.), *cert. denied*, 516 U.S.

946 (1995); *Jackson v. Herring*, 42 F.3d 1350, 1358 (11th Cir.), *cert. dismissed*, 515 U.S.

1189 (1995); *Weeks v. Jones*, 26 F.3d 1030, 1036 (11th Cir. 1994), *cert. denied*, 513 U.S.

1193 (1995).   The criterion for attorney performance is that of <u>reasonably </u>effective

assistance.  The standard of reasonableness is an objective one that may be measured

by using professional norms as guidelines.  The inquiry is whether counsel's performance

was reasonable under the circumstances.

Petitioner's contention that he was denied his Sixth Amendment right to effective

assistance of counsel when trial counsel "failed to argue that in light of *Apprendi v. New*

*Jersey*, 530 U.S. 466, 490 (2000), that the statutory maximum sentence for *Apprendi*

purposes is the maximum sentence a judge may impose solely on the basis of the facts

. . . admitted by the defendant," *see* CV Dkt. 1, Attach. (unnumbered), lacks merit.

Petitioner was sentenced on December 17, 2003, more than six months prior to the

*Blakely* decision on June 24, 2004.  The Eleventh Circuit had repeatedly held that *Apprendi*

did not apply to Sentencing Guidelines facts in general and relevant conduct in specific.[6]

*United States v. Le,* 256 F.3d 1229, 1240 (11th Cir. 2001) (Sentencing Guidelines are not

subject to *Apprendi* ); *United States v. McClain,* 252 F.3d 1279, 1284 n. 12 (11th Cir. 2001)

(*Apprendi* does not apply to relevant conduct under the Sentencing Guidelines); *United*

*States v. Harris,* 244 F.3d 828 (11th Cir. 2001) (*Apprendi* does not apply to drug quantities

---

[6]Before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. *See, e.g., United States v. Hughes,* 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis,* 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine,* 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v.* Phillips, 349 F.3d 138, 143 (3d Cir. 2003): *United States v. Patterson,* 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle,* 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez,* 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb,* 255 F.3d 890, 898 (D.C.Cir. 2001); *United States v. Angle,* 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba,* 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia,* 240 F.3d 180, 183-84 (2d Cir. 2001).

outside scope of indictment considered as relevant conduct); *United States v. Nealy,* 232 F.3d 825, 829 n. 2 (11th Cir. 2000) (*Apprendi* does not apply to firearm enhancement under Sentencing Guidelines). Thus, when Petitioner was sentenced, there was no basis in law in this circuit for arguing that *Apprendi/Blakely* applied to judge-made determinations pursuant to the Sentencing Guidelines. Counsel is not ineffective for failing to raise an argument which runs contrary to controlling precedent. *See Jones v. Barnes,* 463 U.S. 745 (1983); *see also United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failing to argue a meritless issue).

The Eleventh Circuit has held many times that "reasonably effective representation cannot and does not include a requirement to make arguments based on prediction of how the law may develop." *Marquard v. Sec. Dep't of Corr.,* 429 F.3d 1278, 1313 (11th Cir. Nov.10, 2005) (quoting *Spaziano v. Singletary,* 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted)). Defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law. *Id.* (citing *Thompson v. Wainwright,* 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986)).

"Because law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance." *Pelmer v. White,* 877 F.2d 1518, 1523 (11th Cir. 1989) (citing *Engle v. Isaac,* 456 U.S. 107, 133-34 1981)). "While the ability to think creatively can be a great asset to trial lawyers, lawyers rarely, if ever, are required to be innovative to perform within the wide range of conduct that encompasses the reasonably effective representation mandated by the Constitution." *Pitts v. Cook,* 923 F.2d 1568, 1573-74 (11th Cir. 1991). Errorless counsel is not required, *Kemp v. Leggett,* 635 F.2d 453

(5th Cir. 1981), and counsel may not be judged ineffective by hindsight, *Lovett v. Florida,* 627 F.2d 706 (5th Cir. 1980).

The record does not support Petitioner's assertion that counsel's performance was deficient in this regard. Thus, Petitioner has failed to satisfy the deficiency prong of the *Strickland* test. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Petitioner likewise cannot prevail on a claim under *United States v. Booker,* 543 U.S. 220 (2005). The Eleventh Circuit has clearly held that *Booker* does not apply retroactively to cases on collateral review. *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005). Since petitioner's conviction became final prior to *Booker,* the issue cannot be raised in a § 2255 petition. Additionally, the waiver of appeal provision in petitioner's Plea Agreements includes a waiver of collateral challenge broad enough to include the *Booker/Blakely* issue.[7] *United States v. Frye,* 402 F.3d 1123, 1129 (11th Cir.), *cert. denied,* --- U.S. ----, 125 S.Ct. 2986, 162 L.Ed.2d 891 (2005); *United States v. Rubbo,* 396 F.3d 1330, 1335 (11th Cir. 2005).

---

[7]The plea agreements Petitioner executed each contain the following provision:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety alve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Case No. 8:03-CR-74-T-27TBM, Dkt. 21 at 10; Case No. 8:03-CR-94-T-27MAP, Dkt. 15 at 12.

Petitioner, aware of the charges and possible defenses to those charges, elected to enter his plea to avoid the possibility of a more severe sentencing outcome if convicted at trial. An otherwise valid plea is not involuntary because it was induced by a defendant's desire to limit the possible maximum penalty to less than that authorized if there were a jury trial. *See Parker v. North Carolina*, 397 U.S. 790 (1970). What may have motivated Petitioner to reach the conclusion that this was in his best interest is not in issue because Petitioner does not assert that his plea was not made knowingly and voluntarily. Petitioner was not promised anything in exchange for his plea that he did not receive, and he has received no punishment greater than that set out by statute, as communicated to him in the plea agreements.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or resulted in a complete miscarriage of justice. Because "it plainly appears from the motion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief," the motion is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2255 Proceedings (2004).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1/Case No. 8:03-CR-74-T-27TBM, Dkt. 48; Case No. 8:03-CR-94-T-27MAP, Dkt. 36) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _____ January 27⁺ᵗ_____, 2006.


JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record
SA:jsh

-10-